UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-37 |
| | ) | |
| ROBERT NELSON RACANELLI | ) | |

## **REPORT AND RECOMMENDATION**

This defendant has filed a motion to suppress any evidence obtained from a Title III wiretap authorized by District Judge Greer on February 8, 2013, doc. 492.

This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

The affidavit filed in support of the application was executed by Special Agent Christopher Smith of the Drug Enforcement Administration.[1]

Defendant does not argue that the affidavit fails to establish probable cause for the requested interception. Rather, he argues that the affidavit failed to establish the "necessity" for the interception of wire or electronic communications as required by 18 U.S.C. § 2518(1)(c) which provides in relevant part that

> [e]ach application shall include the following information:
> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appeared to be

---

[1] Exhibits 1A and 1B. These exhibits are identical except for the format of the transcription.

unlikely to succeed if tried or to be too dangerous.

It is clear that wiretaps rarely if ever should be the first step in a criminal investigation, and law enforcement agents should first utilize other and more "traditional investigative techniques." *United States v. Giordano*, 416 U.S. 505, 515 (1974); *United States v. Kahn*, 415 U.S. 143, 153 (1974). The foregoing notwithstanding, the prosecution "is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted," *United States v. Alfano*, 838 F.2d 158, 163 (6th Cir. (1988).

In paragraph eight of his affidavit, Special Agent Smith states that the objective of his investigation was "to fully prosecute the TARGET INTERCEPTEES, *and others unknown to be involved in the drug trafficking enterprise*" he was then investigating. [Italics supplied] Those "target interceptees" were Demetrius Dalton, Marcus Holliman, Kwanza Worthy, Don Juan Glass, Jr., Devin Blalock, *and others unknown.*[2]

The thrust of defendant's argument is that the government had more than sufficient evidence to successfully prosecute the named "target interceptees," and thus there was no necessity to intercept their electronic or wire interceptions, some of which included conversation to which this defendant was a party.

In paragraph nine of his affidavit, Special Agent Smith asserts that normal

---

[2] Affidavit, paragraph 4, italics supplied.

2

investigative procedures have been tried and failed, or reasonably appeared to be unlikely to succeed if tried, or to be too dangerous. This conclusory assertion is bolstered in great detail in paragraphs 41-101, constituting the bulk of the affidavit.

Defendant's argument that the government had evidence aplenty to prosecute the named interceptees overlooks the fact that the government justifiably was attempting to ascertain others involved in the conspiracy who were at that time unknown, not the least of whom were those individuals who were supplying the drugs to the drug trafficking network headed by Dalton. Dalton's drug trafficking network had proven a tough nut to crack, and Smith's affidavit described in great detail the extreme precautions taken by Dalton and the other interceptees to protect not only themselves, but also their source(s) of supply. Ascertaining the identity of others involved in the drug trafficking network reasonably justified the government's recourse to a wire tap; *see, e.g., United States v. Cooper*, 868 F.2d 1505 (6th Cir. 1989). The Title III interception was not the matter of first resort; it was almost the last.

Moreover, how much evidence is *enough* evidence? It is unreasonable to answer that question from the safe perspective of hindsight, at which time everyone - the defendant, the prosecution, and the court - are then aware not only of the quantity, but the *quality* of the evidence. The knowledge which is available at the end of an investigation is far different than that which exists in the midst of the investigation when all was in flux.

Paraphrasing in this Report and Recommendation paragraphs 41-101 of the affidavit serves no point, since the paraphrase would merely be a restatement of what already is a clear

3

and reasonably concise statement regarding "necessity." All that needs to be said is that Special Agent Smith gave "serious consideration" to investigative techniques short of a wire tap before submitting his application to the district judge, *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir. 1985).

Accordingly, it is respectfully recommended that defendant's motion to suppress, doc. 492, be denied.

Respectfully submitted,

                                        s/ Dennis H. Inman
                                        United States Magistrate Judge